John B. Jemmott, Respondent, v. Christian Mission of the United States of America, Inc., and Others, etc., Appellants.— The evidence at the trial justified the finding of the justice that defendants had obtained possession of the premises by force, and this proceeding is authorized by Civil Practice Act, section 1412. The finding of the Municipal Court has been affirmed by the Appellate Term, and no reason is shown for continuing the litigation. The application for leave to appeal to the Appellate Division is denied, with ten dollars costs.

Leonia Baert, an Infant, by Cyril Baert, Her Guardian ad Litem, Respondent, v. Interborough Rapid Transit Company, Appellant.— Judgment unanimously affirmed, with costs. No opinion. Present — Kelly, P. J., Rich, Jaycox, Manning and Young, JJ.

Francesco Fiorelli, Respondent, v. Speranza Poccia, Appellant.— Judgment of the City Court of Yonkers unanimously affirmed, with costs. No opinion. Present — Kelly, P. J., Rich, Jaycox, Manning and Young, JJ.

William Gross, Respondent, v. Joseph Schoenbaum, Appellant.— Judgment unanimously affirmed, with costs. No opinion. Present — Kelly, P. J., Rich, Jaycox, Manning and Young, JJ.

Richard Helmers, Respondent, v. Michael F. Lally, as Treasurer of the Yonkers Liquor Dealers Protective Association, Appellant.— Judgment unanimously affirmed, with costs. No opinion. Present — Kelly, P. J., Rich, Jaycox, Manning and Young, JJ.

George Kayser, Respondent, Appellant, v. Walter T. Boyland, Respondent, and Frank J. Heines, Appellant.— Judgment and order of the County Court of Richmond county unanimously affirmed, with costs to the plaintiff against the appellant Heines. No opinion. Present — Kelly, P. J., Rich, Jaycox, Manning and Young, JJ.

Bernard J. Malone, Appellant, v. John W. Block, Jr., Respondent.— Order appealed from in so far as the same dismisses the complaint upon the merits, reversed upon the law and facts. The learned trial justice has granted defendant's motion to set aside the special verdict returned by the jury as contrary to the evidence. With some hesitation, and because upon the record before us the trial was incomplete, as the jury were not permitted to find the value of the property involved or to fix the value of the plaintiff's services in the event that they found performance of the contract by him, as there must necessarily be a new trial of the action, we affirm the order setting aside the special verdict, and direct that a new trial be had at which the issues may be properly submitted to a jury and complete determination had, with costs to appellant to abide the event. Kelly, P. J., Rich, Jaycox, Manning and Young, JJ., concur.